[Counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (OAKLAND DIVISION)

| | |
|---|---|
| POGA MGMT PTNRS LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>MEDFILER LLC, d/b/a RPG CONSULTANTS, ALVIN RAPP, EVAN RAPP and DOES 1-20,<br><br>      Defendants.<br><br>MEDFILER LLC, d/b/a RPG CONSULTANTS, ALVIN RAPP and EVAN RAPP,<br><br>      Counterclaim-Plaintiffs,<br><br>  v.<br><br>POGA MGMT PTNRS LLC and MICHAEL GAMBOA,<br><br>      Counterclaim-Defendants. | **Case No. 4:12-cv-06087-SBA**<br><br>**<u>STIPULATED PROTECTIVE ORDER</u>** |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3. Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4. Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.6. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9. House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel, with the exception that specific outside counsel shall be considered House Counsel if a Party has no in-house counsel and instead generally uses that specific outside counsel for corporate and/or business matters that would usually be handled by in-house counsel.

2.10. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11. Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

1 organizing, storing, or retrieving data in any form or medium) and their employees and
2 subcontractors.

3     2.15.    Protected Material: any Disclosure or Discovery Material that is designated as
4 "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5     2.16.    Receiving Party: a Party that receives Disclosure or Discovery Material from a
6 Producing Party.

7 **3.    SCOPE**

8     The protections conferred by this Stipulation and Order cover not only Protected Material
9 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
10 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
11 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

12     However, the protections conferred by this Stipulation and Order do not cover the
13 following information: (a) any information that is in the public domain at the time of disclosure
14 to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving
15 Party as a result of publication not involving a violation of this Order, including becoming part
16 of the public record through trial or otherwise; and (b) any information known to the Receiving
17 Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source
18 who obtained the information lawfully and under no obligation of confidentiality to the
19 Designating Party.

20     Any use of Protected Material at trial shall be governed by a separate agreement or order.

21 **4.    DURATION**

22     Even after final disposition of this litigation, the confidentiality obligations imposed by
23 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
24 order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all
25 claims and defenses in this action, with or without prejudice; and (2) final judgment herein after
26 the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this
27 action, including the time limits for filing any motions or applications for extension of time
28 pursuant to applicable law.

1  **5.      DESIGNATING PROTECTED MATERIAL**

2         5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party
3  or Non-Party that designates information or items for protection under this Order must take care
4  to limit any such designation to specific material that qualifies under the appropriate standards.
5  To the extent it is practical to do so, the Designating Party must designate for protection only
6  those parts of material, documents, items, or oral or written communications that qualify – so
7  that other portions of the material, documents, items, or communications for which protection is
8  not warranted are not swept unjustifiably within the ambit of this Order.

9              5.1.1.   Mass, indiscriminate, or routinized designations are prohibited.
10 Designations that are shown to be clearly unjustified or that have been made for an improper
11 purpose (e.g., to unnecessarily encumber or retard the case development process or to impose
12 unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

13            5.1.2.   If it comes to a Designating Party's attention that information or items that
14 it designated for protection do not qualify for protection at all or do not qualify for the level of
15 protection initially asserted, that Designating Party must promptly notify all other parties that it
16 is withdrawing the mistaken designation.

17       5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order,
18 or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for
19 protection under this Order must be clearly so designated before the material is disclosed or
20 produced.  Designation in conformity with this Order requires:

21            5.2.1.   For information in documentary form (e.g., paper or electronic documents,
22 but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
23 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
24 EYES ONLY" to each page that contains protected material.  If only a portion or portions of the
25 material on a page qualifies for protection, the Producing Party also must clearly identify the
26 protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for
27 each portion, the level of protection being asserted.

28

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

5.2.2. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

5.2.3. In the event that documents or other materials produced by a Non-Party contain information or other material concerning a Party that constitute "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items, such Party shall be entitled to designate such information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Stipulated Protective Order as if the information or other material had been produced by the Designating Party.

5.2.4. For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those

1 portions of the testimony that are appropriately designated for protection within the 21 days shall
2 be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating
3 Party may specify, at the deposition or up to 21 days afterwards if that period is properly
4 invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
5 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6        Parties shall give the other parties notice if they reasonably expect a deposition,
7 hearing or other proceeding to include Protected Material so that the other parties can ensure that
8 only authorized individuals who have signed the "Acknowledgment and Agreement to Be
9 Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a
10 deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY
11 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12        Transcripts containing Protected Material shall have an obvious legend on the title
13 page that the transcript contains Protected Material, and the title page shall be followed by a list
14 of all pages (including line numbers as appropriate) that have been designated as Protected
15 Material and the level of protection being asserted by the Designating Party. The Designating
16 Party shall inform the court reporter of these requirements.  Any transcript that is prepared before
17 the expiration of a 21-day period for designation shall be treated during that period as if it had
18 been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety
19 unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as
20 actually designated.

21        5.2.5.  For information produced in some form other than documentary and for
22 any other tangible items, that the Producing Party affix in a prominent place on the exterior of
23 the container or containers in which the information or item is stored the legend
24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only
25 a portion or portions of the information or item warrant protection, the Producing Party, to the
26 extent practicable, shall identify the protected portion(s) and specify the level of protection being
27 asserted.
28

5.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**     **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1. <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under

1 Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days
2 of the initial notice of challenge or within 14 days of the parties agreeing that the meet and
3 confer process will not resolve their dispute, whichever is earlier.

4     6.3.1. Each such motion must be accompanied by a competent declaration
5 affirming that the movant has complied with the meet and confer requirements imposed in the
6 preceding paragraph.  Failure by the Designating Party to make such a motion including the
7 required declaration within 21 days (or 14 days, if applicable) shall automatically waive the
8 confidentiality designation for each challenged designation.  In addition, the Challenging Party
9 may file a motion challenging a confidentiality designation at any time if there is good cause for
10 doing so, including a challenge to the designation of a deposition transcript or any portions
11 thereof. Any motion brought pursuant to this provision must be accompanied by a competent
12 declaration affirming that the movant has complied with the meet and confer requirements
13 imposed by the preceding paragraph.

14     6.3.2. The burden of persuasion in any such challenge proceeding shall be on the
15 Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass
16 or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party
17 to sanctions. Unless the Designating Party has waived the confidentiality designation by failing
18 to file a motion to retain confidentiality as described above, all parties shall continue to afford
19 the material in question the level of protection to which it is entitled under the Producing Party's
20 designation until the court rules on the challenge.

21 **7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

22   7.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed
23 or produced by another Party or by a Non-Party in connection with this case only for
24 prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be
25 disclosed only to the categories of persons and under the conditions described in this Order.
26 When the litigation has been terminated, a Receiving Party must comply with the provisions of
27 section 13 below (FINAL DISPOSITION).

28

7.2.   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

7.3.1.   The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

7.3.2.   The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.3.   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.4.   The court and its personnel;

7.3.5.   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.6.   During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3.7.   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7.4.1. The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

7.4.2. Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

7.4.3. The court and its personnel;

7.4.4. Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

7.4.5. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

8.1.1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

8.1.2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        8.1.3.   Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    8.2.   If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    9.1.   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    9.2.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        9.2.1.   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        9.2.2.   Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        9.2.3.   Make the information requested available for inspection by the Non-Party.

9.3.     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1. <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

13.1.   Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 9, 2014

By:    /s/ Joseph C. Wilson
Joseph C. Wilson

CURIALE WILSON LLP
Joseph C. Wilson (SBN 249027)
One Maritime Plaza, Suite 1000
San Francisco, CA 94111
Tel: (415) 908-1001
Fax: (415) 796-0875
jwilson@curialewilson.com

*Attorneys for Plaintiff/Counterclaim-Defendants Poga Mgmt. Ptnrs. LLC*

DATED: September 9, 2014

By:    /s/ Jason S. Takenouchi
Jason S. Takenouchi

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Jason S. Takenouchi (SBN 234835)
101 California Street, Suite 2300
San Francisco, CA 94111
Telephone:  (415) 421-6140
Facsimile:  (415) 398-5030
jtakenouchi@kasowitz.com

*Attorneys for Defendants/Counterclaim-Plaintiffs Medfiler LLC, Alvin Rapp and Evan Rapp*

**FILER ATTESTATION**

Pursuant to Rule 5-1(i)(3) of the Local Rules of Practice in Civil Proceedings Before the United States District Court for the Northern District of California, I, Jason S. Takenouchi, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

DATED: September 9, 2014

By:   /s/ Jason S. Takenouchi
      Jason S. Takenouchi

*Attorneys for Defendants/Counterclaim-Plaintiffs Medfiler LLC, Alvin Rapp and Evan Rapp*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   September 10, 2014

By: *[signature]*
    Hon. Saundra B. Armstrong
    UNITED STATES DISTRICT JUDGE

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Poga Management Partners v. Medfiler, et al.*, Case No. 12-cv-06087-SBA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____