UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| POGA MGT PTNRS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDFILER LLC et al.,<br><br>    Defendants.<br>_____/ | No. C 12-06087 SBA (LB)<br><br>**ORDER GRANTING IN PART THE MOTION TO WITHDRAW**<br><br>[Re: ECF No. 25] |

Plaintiff is represented by attorney Joseph Wilson, who moved to withdraw on September 12, 2014, on the ground that there has been a "total breakdown in the attorney-client relationship, such that Counsel for Plaintiff is in conflict with Plaintiff, cannot carry out further representation, and must mandatorily withdraw." *See* Motion, ECF No. 59 at 3. Defendants respond that they do not have facts to oppose the motion (given that Plaintiff's counsel did not explain the context for the breakdown), but they are concerned that a delay will prejudice the timing of the summary judgment motion that they contemplate filing shortly. *See* Response, ECF No. 61 at 2. The district court referred the matter to the undersigned on September 17, 2014. *See* Order, ECF No. 63.

Given the timing, the court grants the motion to shorten time, *see* ECF No. 60, and sets the matter on its first available calendar on September 25, 2014, at 10:00 a.m. Counsel and Plaintiff must appear personally. This order also sets forth the legal standard for withdrawal, and the court directs Mr. Wilson to serve a copy of the order on his client before the hearing.

C 12-06087 SBA (LB)
ORDER

1    Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by
2 order of Court after written notice has been given reasonably in advance to the client and to all other
3 parties who have appeared in the case." The local rules further provide that if the client does not
4 consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be
5 granted on the condition that all papers from the court and from the opposing party shall continue to
6 be served on that party's current counsel for forwarding purposes until the client appears by other
7 counsel or *pro se* if the client is not a corporate defendant. N.D. Cal. Civ. L.R. 11-5(b).

8    Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v.*
9 *Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to
10 attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PHJ, 2009 WL
11 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct
12 3-700(B) sets forth grounds requiring mandatory withdrawal, including the following: (1) a client's
13 bringing a harassing or malicious lawsuit or (2) the attorney's continued employment would violate
14 California's ethics rules. Rule 3-700(C) sets forth several grounds under which an attorney may
15 request permission to withdraw, including the following: (1) a client (a) insists on presenting a claim
16 or defense not warranted under the law or a good-faith extension of it, (b) seeks to pursue an illegal
17 course of conduct, (c) insists that the attorney pursue an illegal course of conduct or conduct barred
18 by the ethics rules, (d) makes it unreasonably difficult for the attorney to carry out his employment
19 effectively, (e) insists (in a matter not pending before a tribunal) that the attorney act contrary to the
20 attorney's judgment or advice, or (f) breaches an agreement or obligation as to fees; (2) the
21 attorney's continued employment is likely to breach the ethics rules; or (3) the attorney believes in
22 good faith (in proceeding pending before a tribunal) that the tribunal will find other good cause for
23 the withdrawal.

24    The decision to grant or deny a motion to withdraw is discretionary with the court, and the court
25 can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work
26 an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495
27 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (citing *Mandel v. Superior Court*, 67 Cal.
28 App. 3d 1, 4 (1977)) (holding there was no prejudice or undue delay to client where counsel

1 provided sufficient notice of his intent to withdraw and where no trial date had yet been set in the
2 case).

3     The court notes that Plaintiff's counsel gave notice under Civil Local Rule 11-5 of his intent to
4 withdraw to his client and Defendants' counsel. *See* Wilson Decl., ECF No. 59, at 5.

5     This disposes of ECF No. 60.

6     **IT IS SO ORDERED.**

7 Dated: September 23, 2014

_____
LAUREL BEELER
United States Magistrate Judge