UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| POGA MGT PTNRS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDFILER LLC et al.,<br><br>    Defendants.<br>_____/ | No. C 12-06087 SBA (LB)<br><br>**AMENDED ORDER ON MOTION TO WITHDRAW**<br><br>[Re: ECF NoS. 59, 60] |

Plaintiff is represented by attorney Joseph Wilson, who moved to withdraw on September 12, 2014, on the ground that there has been a "total breakdown in the attorney-client relationship, such that Counsel for Plaintiff is in conflict with Plaintiff, cannot carry out further representation, and must mandatorily withdraw." *See* Motion, ECF No. 59 at 3. Defendants respond that they do not have facts to oppose the motion (given that Plaintiff's counsel did not explain the context for the breakdown), but they are concerned that a delay will prejudice the timing of the summary judgment motion that they contemplate filing shortly. *See* Response, ECF No. 61 at 2. The district court referred the matter to the undersigned on September 17, 2014. *See* Order, ECF No. 63.

Given the timing, the court grants the motion to shorten time, *see* ECF No. 60, and sets the matter on its first available calendar on September 25, 2014, at 10:00 a.m. Counsel and Plaintiff must appear personally. This order also sets forth the legal standard for withdrawal, and the court directs Mr. Wilson to serve a copy of the order on his client before the hearing.

C 12-06087 SBA (LB)
ORDER

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or *pro se* if the client is not a corporate defendant. N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct 3-700(B) sets forth grounds requiring mandatory withdrawal, including the following: (1) a client's bringing a harassing or malicious lawsuit or (2) the attorney's continued employment would violate California's ethics rules. Rule 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw, including the following: (1) a client (a) insists on presenting a claim or defense not warranted under the law or a good-faith extension of it, (b) seeks to pursue an illegal course of conduct, (c) insists that the attorney pursue an illegal course of conduct or conduct barred by the ethics rules, (d) makes it unreasonably difficult for the attorney to carry out his employment effectively, (e) insists (in a matter not pending before a tribunal) that the attorney act contrary to the attorney's judgment or advice, or (f) breaches an agreement or obligation as to fees; (2) the attorney's continued employment is likely to breach the ethics rules; or (3) the attorney believes in good faith (in proceeding pending before a tribunal) that the tribunal will find other good cause for the withdrawal.

The decision to grant or deny a motion to withdraw is discretionary with the court, and the court can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (citing *Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (holding there was no prejudice or undue delay to client where counsel

1 provided sufficient notice of his intent to withdraw and where no trial date had yet been set in the
2 case).

3     The court notes that Plaintiff's counsel gave notice under Civil Local Rule 11-5 of his intent to
4 withdraw to his client and Defendants' counsel. *See* Wilson Decl., ECF No. 59, at 5.

5     This disposes of ECF No. 60.

6 **IT IS SO ORDERED.**

7 Dated: September 23, 2014

8     _____
    LAUREL BEELER
    United States Magistrate Judge