# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| POGA MGT PTNRS LLC, | No. C 12-06087 SBA (LB) |
| Plaintiff, | **SECOND ORDER ON MOTION TO WITHDRAW** |
| v. | [Re: ECF Nos. 59, 60] |
| MEDFILER LLC et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

Plaintiff is represented by attorney Joseph Wilson, who moved to withdraw on September 12, 2014, on the ground that there has been a "total breakdown in the attorney-client relationship, such that Counsel for Plaintiff is in conflict with Plaintiff, cannot carry out further representation, and must mandatorily withdraw." Motion, ECF No. 59 at 3. Defendants respond that they do not have facts to oppose the motion (given that Plaintiff's counsel did not explain the context for the breakdown), but they are concerned that a delay will prejudice the timing of the summary judgment motion that they contemplate filing shortly. *See* Response, ECF No. 61 at 2. The district court referred the matter to the undersigned on September 17, 2014. *See* Order, ECF No. 63.

The court previously granted the matter to shorten time and set the matter for hearing on Thursday, October 2, 2014. *See* 9/21/14 Order, ECF No. 66. That order directed counsel and plaintiff to appear personally. *See id.* The order also set forth the legal standard for withdrawal, and

C 12-06087 SBA (LB)
ORDER

the court directed Mr. Wilson to serve a copy of the order on his client before the hearing. *See id.*

At the hearing on October 2, 2014, counsel appeared, but Plaintiff did not. *See* Minute Order, ECF No. 74. Plaintiff's counsel represented that he served his client, told him about the time of the hearing the night before by email, and received an emailed acknowledgment. He also filed a proof of service. *See* ECF No. 73.

Based on Plaintiff's non-appearance, the court reset the matter for hearing on October 9, 2014, at 11 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102. As discussed below, the court orders counsel and Plaintiff to personally appear at the hearing, and the court orders Plaintiff's counsel to serve Plaintiff with a copy of this order.

The next section reiterates the standards for withdrawal of counsel in the next section.

## STANDARD FOR WITHDRAWAL OF COUNSEL

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or *pro se* if the client is not a corporate defendant. N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct 3-700(B) sets forth grounds requiring mandatory withdrawal, including the following: (1) a client's bringing a harassing or malicious lawsuit or (2) the attorney's continued employment would violate California's ethics rules. Rule 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw, including the following: (1) a client (a) insists on presenting a claim or defense not warranted under the law or a good-faith extension of it, (b) seeks to pursue an illegal

C 12-06087 SBA (LB)
ORDER

2

course of conduct, (c) insists that the attorney pursue an illegal course of conduct or conduct barred by the ethics rules, (d) makes it unreasonably difficult for the attorney to carry out his employment effectively, (e) insists (in a matter not pending before a tribunal) that the attorney act contrary to the attorney's judgment or advice, or (f) breaches an agreement or obligation as to fees; (2) the attorney's continued employment is likely to breach the ethics rules; or (3) the attorney believes in good faith (in proceeding pending before a tribunal) that the tribunal will find other good cause for the withdrawal.

The decision to grant or deny a motion to withdraw is discretionary with the court, and the court can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (citing *Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (no prejudice or undue delay to client where counsel provided sufficient notice of his intent to withdraw and where no trial date had yet been set in the case).

The court notes that Plaintiff's counsel gave notice under Civil Local Rule 11-5 of his intent to withdraw to his client and Defendants' counsel. *See* Wilson Decl., ECF No. 59, at 5.

**SERVICE ON PLAINTIFF AND CONSEQUENCES OF NOT APPEARING PERSONALLY**

Plaintiff's counsel must serve a copy of this order on his client and must file proof of service. Plaintiff must appear personally at the hearing set for October 9, 2014, at 11 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102. Plaintiff is warned that if he fails to appear at the hearing, he risks dismissal of his case for failure to prosecute it. The other issue is that Defendants have counterclaimed against Plaintiff. *See* Answer and Counterclaims, ECF No. 55. Defendants stipulated on the record on October 2, 2014 that they would extend the time to answer the counterclaims at least through the hearing on October 9, 2014. But Plaintiff will need to respond, and if he does not, he risks Defendants' moving for default judgment against him.

**CONCLUSION**

The court resets the hearing on the motion to withdraw for October 9, 2014, at 11 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco,

California, 94102., orders Plaintiff to appear personally at it, and orders counsel to serve his client and file proof of service.

**IT IS SO ORDERED.**

Dated: October 3, 2014

_____
LAUREL BEELER
United States Magistrate Judge