# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| POGA MGT PTNRS LLC, | No. C 12-06087 SBA (LB) |
| Plaintiff, | **ORDER GRANTING MOTION TO WITHDRAW** |
| v. | [Re: ECF Nos. 59, 60] |
| MEDFILER LLC et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff is represented by attorney Joseph Wilson, who moved to withdraw on September 12, 2014, on the ground that there has been a "total breakdown in the attorney-client relationship, such that Counsel for Plaintiff is in conflict with Plaintiff, cannot carry out further representation, and must mandatorily withdraw." Motion, ECF No. 59 at 3. Defendants respond that they do not have facts to oppose the motion (given that Plaintiff's counsel did not explain the context for the breakdown), but they are concerned that a delay will prejudice the timing of the summary judgment motion that they contemplate filing shortly. *See* Response, ECF No. 61 at 2. The district court referred the matter to the undersigned on September 17, 2014. *See* Order, ECF No. 63. After hearings on October 2, 2014, and October 9, 2014, the court grants the motion to withdraw.

## STATEMENT

The court previously granted the matter to shorten time and set the matter for hearing on

1 Thursday, October 2, 2014. *See* 9/21/14 Order, ECF No. 66. That order directed counsel and
2 plaintiff to appear personally. *See id.* The order also set forth the legal standard for withdrawal, and
3 the court directed Mr. Wilson to serve a copy of the order on his client before the hearing. *See id.*

4 At the hearing on October 2, 2014, counsel appeared, but Plaintiff did not. *See* Minute Order,
5 ECF No. 74. Plaintiff's counsel represented that he served his client, told him about the time of the
6 hearing the night before by email, and received an emailed acknowledgment. He also filed a proof
7 of service. *See* ECF No. 73. Plaintiff's counsel gave notice under Civil Local Rule 11-5 of his intent
8 to withdraw to his client and Defendants' counsel. *See* Wilson Decl., ECF No. 59, at 5.

9 Based on Plaintiff's non-appearance, the court reset the matter for hearing on October 9, 2014, at
10 11 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San
11 Francisco, California, 94102. The court ordered counsel and Plaintiff to personally appear at the
12 hearing, and the court ordered Plaintiff's counsel to serve Plaintiff with a copy of this order.

13 On October 9, 2014, counsel and Mr. Gamboa, the principal of Plaintiff Poga, appeared. The
14 undersigned discussed the underlying conflict between Mr. Gamboa and his attorney in a separate
15 session outside of the presence of Defendant's counsel. Mr. Gamboa said that he did not oppose his
16 attorney's motion. The court set a further case management conference for Thursday, October 30,
17 2014, to give Mr. Gamboa an opportunity to find substitute counsel and advised him that his
18 attorney could file a notice of substitute counsel before that date. The court also advised Mr.
19 Gamboa that his limited liability corporation, which is the named Plaintiff, cannot appear in federal
20 court except through counsel.

21 The parties agreed that the time period for responding to the counterclaims will be extended, and
22 the court will address any change in dates at the next case management conference on October 30,
23 2014. Because Mr. Gamboa is named as an individual in the counterclaims, the court gave him a
24 copy of the court's handbook for litigants without a lawyer.

**ANAYSIS**

26 Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by
27 order of Court after written notice has been given reasonably in advance to the client and to all other
28 parties who have appeared in the case." The local rules further provide that if the client does not

consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or *pro se* if the client is not a corporate defendant.  N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct.  *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*,  No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citation omitted).  California Rule of Professional Conduct 3-700(B) sets forth grounds requiring mandatory withdrawal, including the following: (1) a client's bringing a harassing or malicious lawsuit or (2) the attorney's continued employment would violate California's ethics rules.  Rule 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw, including the following: (1) a client (a) insists on presenting a claim or defense not warranted under the law or a good-faith extension of it, (b) seeks to pursue an illegal course of conduct, (c) insists that the attorney pursue an illegal course of conduct or conduct barred by the ethics rules, (d) makes it unreasonably difficult for the attorney to carry out his employment effectively, (e) insists (in a matter not pending before a tribunal) that the attorney act contrary to the attorney's judgment or advice, or (f) breaches an agreement or obligation as to fees; (2) the attorney's continued employment is likely to breach the ethics rules; or (3) the attorney believes in good faith (in proceeding pending before a tribunal) that the tribunal will find other good cause for the withdrawal.

The decision to grant or deny a motion to withdraw is discretionary with the court, and the court can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (citing *Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (no prejudice or undue delay to client where counsel provided sufficient notice of his intent to withdraw and where no trial date had yet been set in the case).

The court finds good cause for the withdrawal based on the breakdown of the attorney-client relationship.  Plaintiff's counsel took reasonable steps to avoid prejudice to his client by giving

1 notice of the withdrawal, and Poga was advised that it must retain counsel in order to prosecute this
2 action because limited liability companies can appear only through counsel. *See* Civ. L. R. 3-9(b);
3 *Hartford Ins. Co., LLC v. NBC General Contr. Corp.*, No. 09-5363 SBA, 2014 U.S. Dist. LEXIS
4 29814 at n.2 (N.D. Cal. Mar. 6, 2014).

## CONCLUSION

The court grants Plaintiff's counsel Joseph C. Wilson, V's motion to withdraw. Because his motion to withdraw is not accompanied by a simultaneous appearance of substitute counsel, the motion is granted on the condition that all papers continue to be served on Plaintiff's counsel for forwarding purposes until a substitution of counsel is filed. Since corporations may not appear in court except by counsel, Poga has 21 days to appear by substitute counsel. If it has not filed a substitution of counsel within 21 days, the court will recommend dismissal of the case for failure to prosecute it. To address the interrelated issue of Mr. Gamboa's time period for answering the counterclaims, where he is named personally, the court sets a further status date for October 30, 2014 at 11 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102. That date also will allow the parties to problem solve any scheduling issues. Mr. Wilson must serve a copy of this order on Mr. Gamboa and file proof of service. Mr. Gamboa is warned that if he does not retain substitute counsel, he risks dismissal of his case for failure to prosecute it, and his failure to appear on October 30, 2014 and respond to the counterclaims risks Defendants' moving for default judgment against him on those claims.

**IT IS SO ORDERED.**

Dated: October 9, 2014

_____
LAUREL BEELER
United States Magistrate Judge