UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| POGA MGMT PTNRS LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MEDFILER LLC d/b/a RPG CONSULTANTS, ALVIN RAPP, EVAN RAPP and DOES 1-20,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No: C 12-06087 SBA<br><br>**ORDER**<br><br>Docket 84, 89, 97 |

Plaintiff POGA MGMT PARTNERS, LLC ("POGA") brings the instant action against Defendants Medfiler, LLC d/b/a RPG Consultants ("RPG"), Alvin Rapp ("Alvin"), and Evan Rapp ("Evan") (collectively, "Defendants"), alleging claims for breach of fiduciary duty and conspiracy to commit breach of fiduciary duty. The parties are presently before the Court on Defendants' motion for summary judgment. Also before the Court are two motions filed by POGA: (1) motion to amend the order for pretrial preparation, to reopen discovery, and to reset dates to respond to Defendants' counterclaims and motion for summary judgment ("motion to modify case deadlines"); and (2) ex parte motion to shorten time. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN PART POGA's motion to modify case deadlines, and DENIES POGA's ex parte motion to shorten time as moot. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. DISCUSSION

## A. Request to Modify the Pretrial Scheduling Order

Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed.R.Civ.P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609). The party seeking to modify the deadlines in a case management order bears the burden of establishing good cause. Zivkovic, 302 F.3d at 1087-1088.

POGA moves for an order modifying the deadlines established in the Court's pretrial scheduling order. Specifically, POGA seeks an order reopening fact discovery, which closed on September 3, 2014. POGA also seeks an order continuing various other pretrial deadlines, including the December 2, 2014 dispositive motion deadline and the March 9, 2015 trial date. POGA requests that the dispositive motion deadline be continued nearly nine months to August 18, 2015, and that the trial date be continued approximately seven months to October 12, 2015. POGA contends that such a lengthy continuance of pretrial deadlines is warranted because its former counsel, who withdrew on October 9, 2014, did not file a response to Defendants' counterclaims[1] or depose any Defendant or third-party witness, and because its new counsel, who appeared on November 12, 2014, needs time to become familiar with the case and conduct additional discovery so he can competently represent POGA.

---

[1] According to POGA's new counsel, POGA's former counsel failed to file a response to Defendants' counterclaims because "defending against a counterclaim was not part of the engagement."

The Court is not persuaded that POGA has shown good cause to modify the Court's pretrial scheduling order. This case has been pending for nearly two years. As such, POGA has had ample time to conduct discovery and prepare its case for trial. POGA was represented by counsel during the entire fact discovery period. In fact, aside from the brief period between October 9, 2014 and November 12, 2014, POGA has been represented by counsel. POGA, however, did not move to modify the Court's pretrial scheduling order until more than two months after fact discovery closed. POGA has not demonstrated that it has acted diligently in conducting discovery or in seeking to modify the Court's pretrial scheduling order.[2] Nor has POGA shown that it cannot meet the other pretrial deadlines despite the exercise of reasonable diligence.

POGA's attempt to blame its former counsel for its lack of diligence is without merit. It has long been the rule that the acts and omissions of an attorney are attributable to the client. See Link v. Wabash R. Co., 370 U.S. 626, 633-634 (1962) (affirming dismissal of action based on plaintiff's counsel's failure to appear at the pretrial conference); accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (parties are "held responsible for the acts and omissions of their chosen counsel"); Casey v. Alberston's, Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) ("[a]s a general rule, parties are bound by the actions of their lawyers"); Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101-1102 (9th Cir. 2006) ("A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney."). While the acts and omissions of POGA's former counsel may give rise to a claim of malpractice, they do not constitute good cause for purposes of a request to modify the Court's pretrial scheduling order. Rashdan v. Geissberger, 2012 WL 566379, at *3 (N.D. Cal. 2012) (Armstrong, J.); see Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 676-677 (C.D. Cal. 2003) (ruling that former attorney's negligence

---

[2] To the extent POGA contends that it will be prejudiced if discovery is not reopened, the Court disagrees. "A party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction." Rosario v. Livaditis, 963 F.2d 1013, 1019 (7th Cir. 1992).

did not constitute good cause for continuance of discovery cut-off and trial dates); see also Latshaw, 452 F.3d at 1101 (noting that an attorney's errors are "more appropriately addressed through malpractice claims" and not a motion to vacate the judgment).

### B. Request to Reset Deadlines to Respond to Counterclaims and Summary Judgment Motion

In addition to requesting to modify the Court's pretrial scheduling order, POGA requests that it be allowed until March 10, 2015 to file a response to Defendants' counterclaims, which was due on September 16, 2014.[3]  POGA also requests that it be allowed until June 30, 2015 to file an opposition to Defendants' motion for summary judgment, which was due on November 11, 2014.[4]

Rule 12 of the Federal Rules of Civil Procedure provides that "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Fed.R.Civ.P. 12(a)(B).  Under the Civil Local Rules, an opposition or statement of non-opposition to a motion for summary judgment "must be filed and served not more than 14 days after the motion was filed."  Civ. L.R. 7-3.  While the Court is aware that POGA's new counsel has recently appeared in this action, POGA has not demonstrated that the case is particularly complex in nature to justify the lengthy extensions of time it requests.  Indeed, the operative complaint is ten pages and only alleges two claims for relief, while Defendants' response to the operative complaint is also ten pages and only alleges three counterclaims.  Further, Defendants' motion for summary judgment is only twelve pages.  POGA has not argued, let alone demonstrated, that there is voluminous discovery to review or that this case presents complex factual and/or legal issues requiring extensive research, analysis, and briefing.  Instead, POGA's counsel simply asserts that he is busy and that he needs time to get up to speed on the case

---

[3] A review of the record reveals that Defendants have not moved for default judgment on their counterclaims.

[4] The Court notes that granting POGA's request to reset deadlines would require the Court to modify pretrial deadlines as trial is currently scheduled to commence on March 9, 2015.  As discussed above, POGA has failed to establish good cause to modify the Court's pretrial scheduling order.

so that he can competently represent POGA.  In support of this assertion, POGA's counsel states that he is currently working on an administrative hearing scheduled for November 20, 2014, an arbitration filing due on November 24, 2014, and "the negotiation and documentation of a business combination between two broker-dealer/investment banks." Lampart Decl. ¶ 9.  POGA's counsel further asserts that he has a prepaid vacation from December 24, 2014 through January 6, 2015 and out of state depositions during the week of January 12, 2015.  Id.

The Court finds POGA's showing wholly inadequate to justify the relief it seeks.  However, the Court will grant POGA a brief extension of time to respond to Defendants' counterclaims and motion for summary judgment.  Given the withdrawal of its former counsel on October 9, 2014 and the appearance of new counsel on November 12, 2014, approximately two weeks after Defendants filed their motion for summary judgment,[5] the Court finds that a brief extension of time is appropriate to allow POGA's new counsel time to familiarize himself with this case and prepare a response to Defendants' counterclaims and motion for summary judgment.  Accordingly, POGA shall have twenty-one (21) days from the date this Order is filed to file a responsive pleading to Defendants' counterclaims.  POGA shall have forty-two (42) days from the date this Order is filed to file a response to Defendants' motion for summary judgment.

### C.   Ex Parte Motion for Order Shortening Time

POGA moves for an Order shortening time to hear a portion of its motion to modify case deadlines.  Specifically, POGA seeks an order shortening time for the Court to hear its request to reset the date to respond to Defendants' motion for summary judgment.  POGA contends that an Order shortening time is appropriate because Defendants' motion for summary judgment, which was noticed for hearing on December 2, 2014,[6] might" be

---

[5] POGA was not represented by counsel from October 9, 2014 to November 12, 2014.  Defendants' filed a motion for summary judgment on October 28, 2014.

[6] On November 19, 2014, the Court took Defendants' motion for summary judgment under submission on the papers.

granted before the December 23, 2014 hearing on its motion to modify case deadlines. However, because the Court has granted POGA an extension of time to respond to Defendants' motion for summary judgment, POGA's ex parte motion for an order shortening time is DENIED as moot.

## II.     CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.     POGA's motion to modify case deadlines is GRANTED IN PART AND DENIED IN PART.  POGA's request to modify the Court's pretrial scheduling order is DENIED.  POGA's request for an extension of time to file a response to Defendants' counterclaims and motion for summary judgment is GRANTED IN PART.  POGA shall have twenty-one days (21) from the date this Order is filed to file a responsive pleading to Defendants' counterclaims.  POGA shall have forty-two (42) days from the date this Order is filed to file a response to Defendants' motion for summary judgment.  Defendants shall have seven (7) days from the date POGA files their response to file a reply.  Upon the completion of briefing, the motion for summary judgment will be taken under submission on the papers.

2.     The period to complete the mandatory settlement conference, the pretrial conference scheduled for March 2, 2015, the trial date of March 9, 2014, and the associated deadlines for filing pretrial documents, motions in limine and objections to evidence are VACATED.  To reschedule these deadlines and dates, the parties shall appear for a telephonic Case Management Conference on **February 12, 2015 at 3:00 p.m.**  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement.  POGA is responsible for filing the joint statement no less than seven (7) days prior to the conference date.  The joint statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  POGA is responsible for setting up the conference call.  On the specified date and time, PPGA shall call (510) 879-3550 with all parties on the line.

3.     POGA's ex parte motion for an order shortening time is DENIED as moot.

4. This Order terminates Docket 89 and Docket 97.

IT IS SO ORDERED.

Dated: December 5, 2014

SAUNDRA BROWN ARMSTRONG
United States District Judge